UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. HENRY,

    Petitioner,

v.

FRANK KENDALL III,[1] United States Secretary of the Air Force,

    Respondent.

Civil Action No. 21-865 (CKK)

**MEMORANDUM OPINION**
(August 3, 2022)

Petitioner Michael R. Henry ("Petitioner") was convicted by a general court-martial in April 2015 of three charges relating to incidents of sexual assault. On appeal, his conviction for one these charges was set aside due to an erroneous jury instruction. *United States v. Henry*, 76 M.J. 595, 606–09 (A.F. Ct. Crim. App. 2017) (*"Henry I"*), *rev. denied without prejudice*, 76 M.J. 431 (C.A.A.F. 2017). A later rehearing acquitted him of this charge. Petitioner appealed again, claiming that exculpatory evidence adduced at the rehearing should acquit him of the remaining two charges, which had previously been affirmed and not remanded for rehearing. The United States Air Force Court of Criminal Appeals rejected Petitioner's argument, concluding that the evidence presented at the rehearing did not differ significantly from the original court-martial findings and that his prior convictions were neither clearly erroneous nor resulted in manifest injustice. *United States v. Henry*, No. ACM 38886 (reh), 2020 WL 278402, at *2 (A.F. Ct. Crim. App. Jan. 14, 2020) (*"Henry II"*).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Kendall is automatically substituted as the respondent in this action.

Petitioner now seeks a writ of error *coram nobis*, claiming that the Air Force Court of Criminal Appeals failed to review Petitioner's convictions *de novo* in accordance with Article 66 of the Uniform Code of Military Justice ("Article 66"). Pet. at 10, ECF No. 2-1. Respondent Frank Kendall, United States Secretary of the Air Force ("Respondent") moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Petitioner was entitled to only one Article 66 review of those charges, which Petitioner received in *Henry I*. Respondent also argues that, in any event, the Air Force Court of Criminal Appeals *did* satisfy Article 66's review standard in *Henry II*.

Upon review of the pleadings,[2] the relevant legal authority and the record as a whole, for the reasons below, the Court concludes that Petitioner has failed to establish that he is entitled to the extraordinary remedy of a writ of error *coram nobis*. Accordingly, the Court **GRANTS** Respondent's [12] Motion to Dismiss and dismisses the Petition.

## I. BACKGROUND

On April 23, 2015, Petitioner was convicted by a general court-martial of (1) rape and sexual assault in violation of Article 120 of the Uniform Code of Military Justice ("UCMJ") ("Charge I"); (2) assault consummated by battery in violation of Article 128 ("Charge II"); and (3) and communication of threats in violation of Article 134 ("Charge III"). *Henry I*, 76 M.J. at 598. The charges arose from a three-month relationship between Petitioner and "EW" in December

---

[2] The Court's consideration has focused on:
- Petitioner's Application for a Writ of in the Nature of Error *Coram Nobis* and Supporting Brief (corrected), ("Pet."), ECF No. 2-1;
- Memorandum of Points & Authorities in Support of Respondent's Motion to Dismiss ("Resp't's Mot."), ECF No. 12;
- Petitioner's Answer to Government's Motion to Dimis ("Pet'r's Opp'n"), ECF No. 13; and
- Respondent's Reply Memorandum in Further Support of Respondent's Motion to Dismiss ("Resp't's Reply"), ECF No. 14.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

2013.  *Id*.  According to the court-martial's findings, after their breakup, Petitioner appeared at EW's parents' house where he threatened EW, grabbed her neck, and raped her.  *Id*.  Petitioner was initially charged with two specifications[3] of rape occurring approximately a week apart, but prior to the arraignment, the Prosecution withdrew the second specification.  *Henry II*, 2020 WL 278402, at *2.  After being convicted on all three charges by the court-martial, Petitioner was sentenced to seven years confinement, dishonorable discharge, forfeiture of all pay and allowances, and reduction to E-1.  *Henry I*, 76 M.J. at 598.

Petitioner appealed to the Air Force Court of Criminal Appeals arguing that (1) the evidence before the court martial was not legally or factually sufficient to sustain the rape and sexual assault convictions and (2) the military judge's instructions were erroneous.[4]  *Henry I*, 76 M.J. at 598.  Petitioner challenged the instruction to the jury that it could consider previous instances of sexual assault (not involving EW) as evidence of "propensity" if the jury determined by a preponderance of evidence that the previous assault occurred.  *Id*. at 608.  The Air Force Court of Criminal Appeals concluded that this instruction erroneously permitted the court-martial to convict Petitioner beyond a reasonable doubt using evidence applied under a preponderance of evidence standard.  *See id.* at 609.  The court further reasoned that because the case "turned largely on credibility," it could not "say beyond a reasonable doubt that the instructions did not" "tip[ ] the balance."  *Id.*  Based on this error, the court "set aside" the trial court's findings with respect to Charge I and remanded this charge and Petitioner's sentence to the convening authority, who

---

[3] A specification is a "statement of charges against one who is accused of an offense, esp. a military offense." Black's Law Dictionary (11th ed. 2019).  Where a charge sets forth an offense, a specification gives details to what the accused has done. That is, a military member can be charged with an offense with several specifications giving detail as to why that charge was brought.

[4] Petitioner raised additional errors with the court-martial proceedings, which are not pertinent to the pending Petition and Motion to Dismiss.  *See Henry I*, 76 M.J. at 598.

later authorized a rehearing.[5]  *Id*. at 610.  In the same opinion, the Air Force Court of Criminal Appeals affirmed the "findings of guilty" as to Charges II (assault consummated by battery) and III (communication of threats).  *Id.*

On remand and in advance of the rehearing as to Charge I, Petitioner sought discovery related to the second specification of rape that had been withdrawn prior to the first trial.  *Henry II*, 2020 WL 278402 at *2–3.  After the government indicated that it had "no information or documents responsive to this request," Petitioner filed a motion requesting "appropriate relief due to the loss or destruction of 'exculpatory' evidence."  *Id*. at *3.  Specifically, Petitioner claimed that EW had made a statement to the prosecution "days before trial," but no interview notes were provided to Petitioner.  *Id.*  EW was called to testify at the hearing on Petitioner's discovery motion, during which the military judge asked her if "from her perspective, she had been consistent with her description of the second event all along and maybe it somehow got misinterpreted, EW said yes."  *Id.*  The judge denied Petitioner's motion, concluding that "there was no evidence that the Government failed to provide exculpatory evidence in discovery" related to this withdrawn specification.  *Id*.  There *was* evidence that "EW admitted . . that the second incident did not involve rape, which must necessarily be somewhat inconsistent with other evidence that led to the referral of the second rape specification involving EW.  The military judge ruled the Defense would have the full ability at the rehearing to explore all issues arising from any such inconsistency."  *Id.*

The rehearing proceeded and resulted in Petitioner being acquitted of Charge I and resentenced to 12 months of confinement, reduction to E-4, and a reprimand based on previous

---

[5] The convening authority is "An officer (usu. a commanding officer) with the power to convene, or who has convened a court martial." Black's Law Dictionary (11th ed. 2019).

convictions on other charges. *Id.* at *1. The convening authority disapproved of the reprimand but authorized the remaining components of the sentence. *Id.*

Petitioner again appealed to the Air Force Court of Criminal Appeals, contending that "new evidence" related to EW's credibility undermined the sufficiency of proof for his conviction for Charges II and III that that had previously been affirmed. *See id.* In its review of Petitioner's second appeal, the Air Force Court of Criminal Appeals concluded "having considered *all the evidence presented*, we find that the impact of the evidence adduced at the rehearing was not significantly different, and our original decision finding [Petitioner's] contention that the evidence is not legally or factually sufficient to sustain these convictions to be without merit was neither clearly erroneous nor a manifest injustice." *Id.* at *2 (emphasis added). Therefore, the Air Force Court of Criminal Appeals affirmed Petitioner' conviction as to Charges II and III and the re-sentencing. *Id.* at *1.

On May 21, 2020, the Court of Appeals for the Armed Forces denied to Petitioner a grant of review in a one sentence opinion. *United States v. Henry*, 80 M.J. 177 (2020).

Petitioner filed an Application for a Writ of Error *Coram Nobis* on March 31, 2021 in this Court. He claims that "the [Air Force Court of Criminal Appeals] failed to complete a valid jurisdictionally-required Art. 66, UCMJ factually sufficiency review." Pet. at 7. Petitioner claims that, on its second review (after the rehearing), the Air Force Court of Criminal Appeals failed to review his conviction *de novo* as required under Article 66, UCMJ. *Id.*; 10 U.S.C. § 866 Art. 66. He seeks a writ compelling the Air Force to revoke the orders executing the punitive discharge and for this Court to forward the record of trial to the Judge Advocate General of the Air Force for *de novo* review. Pet. at 3.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

Respondent moves to dismiss the Petition under Federal Rule of Civil Procedure 12(b)(6) for failure to "state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Resp't's Mot. at 1. The factual allegations within a complaint, if accepted as true, must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts "do not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 314–15 (D.C. Cir. 2014).

### B. Standard of Review of Military Court Decisions

As the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has aptly summarized, the standard of review applicable to military court proceedings is "tangled." *United States ex rel. New v. Rumsfeld*, 448 F.3d. 403, 406 (D.C. Cir. 2006) (*"New II"*). Indeed, "two lines of precedent are relevant: the first deals with the 'full and fair consideration' standard that applies for habeas review of court martials, and the second deals with the 'void' standard that applies to collateral attacks on court martial proceedings by persons who are not in custody." *Sanford v. United States*, 586 F.3d 28, 31 (D.C. Cir. 2009). Ultimately, the Court must (1) "review . . . the military court's thoroughness in examining the relevant claims, at least where thoroughness is contested"; and (2) take "a close look at the merits of the claim, although with some degree of deference…" *Id.* at 32.

In *Burns v. Wilson*, the Supreme Court directed that "when a military decision has dealt *fully and fairly* with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." 346 U.S. 137, 140 (1953) (emphasis added). The D.C. Circuit has interpreted this "full and fair consideration standard" as granting the same reviewability standard to military decisions as it would other state habeas cases. *Kauffman v. Sec'y of the Air Force*, 415 F.2d 991, 997 (D.C. Cir. 1969). Soon after, the Supreme Court clarified the review standard applicable to non-custodial petitioners, holding that "collateral relief from the consequences of a court martial judgment is barred unless the judgment is 'void.'" *Oppermann v. United States*, Civil Action No. 06-1824 (EGS), 2007 WL 1748920, at *4 (D.D.C. June 15, 2007) (citing *Schlesinger v. Councilman*, 420 U.S. 738, 748 (1975)). The Supreme Court stated a judgement is not deemed void "merely by error"; the defect must be fundamental. *Schlesinger*, 420 U.S. at 746–48.

The D.C. Circuit attempted to reconcile the differences between these standards of deference in *New II*, expressing "serious doubt whether the judicial mind is really capable of applying the sort of fine gradations in deference that the varying formulae may indicate." *New II*, 448 F.3d at 408. The Circuit explained that "a non-habeas review is if anything more deferential than habeas review of military judgments." *Id.* Because the court determined that the "void" standard was more deferential than the full and fair consideration test, it reasoned that "a military court's judgment [for non-custodial petitioners] will not suffer such a defect if it satisfies *Burns* fair consideration test." *Id.* Therefore, if a military court's judgment passes a *Burns* "fair consideration" test for a non-custodial petitioner, it will also satisfy the "void judgment" standard under *Schlesinger*.

In *Sanford*, the D.C. Circuit summarized the *New II* court's analysis: "Although in *New II* the court did not describe the exact degree of deference accorded to military courts, its analysis suggests there are two steps in applying the 'full and fair consideration' standard: (1) a review of the military court's thoroughness in examining the relevant claims, at least where thoroughness is contested; and (2) a close look at the merits of the claim, although with some degree of deference[.]" *Sanford*, 586 F.3d at 32.

### III. DISCUSSION

Petitioner here seeks a writ of error *coram nobis*, which the Supreme Court has described as an "extraordinary tool to correct a legal or factual error." *United States v. Denedo*, 556 U.S. 904, 912–13 (2009). Federal courts have the authority to grant a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651. *United States v. Williams*, 630 F. Supp. 2d 28, 32 (D.D.C. 2009). Whether to grant such "extraordinary" relief is a "decision committed to the discretion of the Court." *United States v. Hansen*, 906 F. Supp. 688, 692 (D.D.C. 1995). Petitioner contends that he is entitled to this remedy because the Air Force Court of Criminal Appeals failed to apply the correct standard of review to his conviction. For the reasons below, the Court concludes that Petitioner has failed to establish that he is entitled to the extraordinary relief of a writ of error *coram nobis*, and so the Court shall dismiss his Petition.

Plaintiff claims that the Air Force Court of Criminal Appeals failed to engage in the appropriate review of his convictions, which is provided in Article 66 of the UCMJ. Pursuant to Article 66(c), military courts of criminal appeals must "conduct a *de novo* review of legal and factual sufficiency of the case." *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F 2002) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). In other words, "to sustain appellant's conviction," the military appeals court "must find that the government has proven all

essential elements and taken as a whole, the parcels of proof credibly and coherently demonstrate that appellant is guilty beyond a reasonable doubt." *United States v. Gilchrist*, 61 M.J. 785, 793 (Army Ct. of Crim. App. 2005).  In the present Petition for Writ of Error *Coram Nobis*, Petitioner argues that he "has yet to receive an appellate factual review which is both plenary and *de novo*." Pet'r's Opp'n at 2.

Petitioner contends that the *Henry I* review was not "plenary" because it did not consider evidence "raised at the rehearing" for the obvious reason that such evidence was not yet on the record.  *See* Pet'r's Opp'n at 2.  In other words, he argues that he was entitled to a *de novo* review of Charges II and III (which were affirmed in *Henry I*) in *Henry II* due to "new, exculpatory evidence regarding EW's credibility" resulting from the rehearing as to Charge I.  Pet. at 12.  In *Henry II*, the Air Force Court of Criminal Appeals noted that although Article 66 entitled Petitioner to a "plenary review," it entitled him "only . . . . to one such review."  *Henry II*, 2020 WL 278402 at *4 (citing *United States v. Smith*, 41 M.J. 385, 386 (C.A.A.F. 1995)).  The court explained that it had conducted such a plenary review as to Charges II and III in *Henry I*, and therefore was not required by Article 66 to conduct a second "plenary review" as to those two previously-affirmed charges.  *Id.* at *2.

Petitioner argues that the court's reliance on *Smith* for this proposition was misplaced.  Pet. at 12–13.  In *Smith*, the accused was convicted of larceny and the decision was remanded by the appellate court after a review pursuant to Article 66.  *Smith*, 41 M.J. at 385.  On remand, a new appellate defense counsel briefed two additional issues not previously considered and not under the scope of the remand.  *Id.*  The court in *Smith* found that although these issues were novel and not previously subject to a review pursuant to Article 66, the accused had already received an

9

Article 66 review and the court did not have to consider any new issues raised outside the scope of the remand. *Id*. at 386.

Petitioner distinguishes the posture of case from *Smith*, arguing that the issues on remand in *Smith* dealt with a potential conflict of interest with the appellant's counsel and "had no relation to the guilt or innocent of the *Smith* appellant." Pet. at 12. Petitioner claims that, in contrast, evidence adduced during the rehearing about Charge I was "highly exculpatory" and relevant to the factual record to affirm Charges II and III, necessitating another review under Article 66. *Id*. at 12–13. However, Petitioner does not cite any legal authority supporting his argument that the reasoning of *Smith* should not apply based on this distinction. Although he makes broad references to the fact that a rehearing is a continuation of the original hearing, this argument does not explain why the military appellate court would have been required to re-review the evidence pertaining to charges it previously affirmed (and for which it had already conducted an Article 66 review). Moreover, as Respondent notes, "just because Petitioner had a rehearing on [C]harge I, this did not automatically negate the sufficiency of evidence that supported his convictions for [C]harges II and III," because those latter charges "were not presented to members for findings at the rehearing." Resp't's Mot. at 13.

Assuredly, the Air Force Court of Criminal Appeals in *Henry I* did grant the review required under Article 66. In *Henry II*, the Air Force Court of Criminal Appeals writes, "Generally, [Petitioner] is entitled to one plenary review under Article 66, UCMJ, 10 U.S.C. § 866. In *Henry I*, we affirmed the factual sufficiency of the assault consummated by a battery [Charge II] and communication of a threat [Charge III] convictions." *Henry II*, 2020 WL 278402 at *2. The *Henry I* court analyzed the factual and legal record. The panel recounted the charges, claiming "the victim's testimony was powerful" but "the evidence was not free from conflict." *Henry I*, at 609.

It detailed inconsistencies in the evidence including evidence that Petitioner and EW had engaged in "rough sex," the lack of physical evidence to EW's door, and the contradiction between a nurse's testimony to vaginal trauma and lack of corroborating, photographic evidence. Ultimately, the panel concluded that "[t]his case largely turned on the credibility and resulted in mixed findings with respect to [the] alleged victims." *Id*. After reviewing the entirety of the factual and legal sufficiency, the *Henry I* panel determined erroneous jury instructions were not harmless. Ultimately the court remanded Charge I yet still affirmed Charges II and III—the charges in question here—while reviewing the factual sufficiency. *Id*. at 598. In sum, the Court agrees with the Air Force Court of Criminal Appeals and Respondent that Petitioner received an Article 66 review as to Charges II and III in *Henry I*—which affirmed the findings of guilt as to those charges. He was not, therefore, entitled to a second "plenary review" on his second appeal after the rehearing as to those charges.

Even though the *Henry II* court properly noted that Petitioner was not entitled to a second Article 66 review, the court *did* consider the factual sufficiency of those charges, explaining:

> Ordinarily we would decline to revisit this issue. However, we choose to revisit the factual sufficiency of the previously affirmed offenses based on the unique facts and circumstances involved in this case. *Having considered all of the evidence presented, we find that the impact of the evidence adduced at the rehearing was not significantly different*, and our original decision finding Appellant's contention that the evidence is not legally or factually sufficient to sustain these convictions to be without merit was neither clearly erroneous nor a manifest injustice.

*Henry II*, 2020 WL 278402, at *2 (emphasis added). In sum, the Air Force Court of Criminal Appeals indicates that it *did* consider "all the evidence presented" in affirming the two charges that it had previously affirmed in *Henry I*.

Petitioner claims that the court in *Henry II* applied the "law-of-the-case doctrine" instead of Article 66's "plenary review."  The law-of-the-case doctrine directs that "a court should not normally reconsider a decision unless it was clearly erroneous and would work a manifest injustice." *Henry II*, 2020 WL 278402 at *4 (citing *United States v. Riley*, 50 M.J. 410, 420 (C.A.A.F. 1999)).  This standard is more deferential; it requires a court to continue to govern the same issues in a later stage of a case as it did before. *See Arizona v. California*, 460 U.S. 605, 618 (1983).  The court in *Henry II* stated the "law-of-the-case doctrine, however, is a matter of appellate policy, not a binding legal doctrine.  Because the law-of-the-case doctrine is discretionary, it need not be applied when the lower court's decision is 'clearly erroneous and would work a manifest injustice.'" *Henry II*, 2020 WL 278402 at *4 (citing *United States v. Parker*, 62 M.J. 459, 464–65 (C.A.A.F. 2006)).  In sum, the law-of-the-case doctrine requires a court to adhere to prior decisions in later stages of a case as long as that adherence would not be clearly erroneous or work a manifest injustice.

The court in *Henry II* followed the law of the case doctrine, adhering to *Henry I*'s decision to affirm Charges II and III.  However, because of the "unique facts and circumstances involved in this case" the Air Force Court of Criminal Appeals *still* decided to review the factual sufficiency of the entire record to determine if the lower court's decision would be "clearly erroneous or work a manifest injustice" before following the law of the case doctrine. *Henry II*, 2020 WL 278402 at *2, *4. In other words, the court in *Henry II* engaged in a factual sufficiency review of the entire record to determine whether applying the law of the case doctrine was appropriate.

Indeed, the *Henry II*'s review of the factual sufficiency of Petitioner's charges is evident in its opinion.  The court reviewed the testimony on the record throughout the opinion. *Id*. at *5 ("We reviewed the testimony prior to our original opinion and again for the appellate review.").

It described the circumstances surrounding EW's testimony, stating "[o]ne of the named victims, EW, was unwilling to participate in the rehearing until two weeks prior to the scheduled start date, five months after Appellant was arraigned. *This fact, along with contested discovery is integral to our analysis* of the errors Appellant alleges." *Id*. at *1 (emphasis added).  The court noted that EW was a "reluctant participant from the outset" and specifically discussed her credibility regarding this unwillingness to participate.  *Id.* at *1–2.  The court also analyzed the withdrawn offense in detail and how that affected the charges as whole—noting, for example, that "[t]here was evidence that EW admitted then, and admits now, that the second incident did not involve rape, which must necessarily be somewhat inconsistent with other evidence that led to the referral of the second rape specification involving EW." *Id*.  Throughout the opinion, the court in *Henry II* reviewed the factual sufficiency of EW's testimony and ultimately how that informs their analysis of whether to apply the law of the case doctrine in its decision to set aside or affirm Charges II and III.

      Petitioner argues that "[t]he law of the case doctrine has no place in [the] court's factual sufficiency review" and that "[a] court conducting a factual sufficiency review does not apply the law of the case doctrine because the law of the case doctrine only deals with questions of law." Pet. at 11.  Petitioner cites a Texas State Appellate court for this proposition that the law of the case doctrine only applies to question of law and not facts and would therefore fail the standard for review under Article 66.  However, the court in *Henry II* applied the law-of-the-case doctrine only *after* reviewing the factual and legal record.  It would appear that if a court applied an entire factual sufficiency review as required under Article 66, but did so in determining if a decision was clearly erroneous as in this instance, this would still satisfy the Article 66 standard.  In *Henry II*, the Air Force Court of Criminal Appeals did precisely this where after a factual sufficiency review of the testimony, they write, "[h]aving examined the record of trial and making allowances for not

13

having personally observed the witnesses, we find the decision of a previous panel of this court was neither clearly erroneous not worked a manifest injustice." *Henry II*, 2020 WL 278402 at *5. Therefore, because the appellate court in *Henry II* reviewed the entire record in making its decision to apply the law of the case doctrine, this satisfies the review standard for Article 66.

Petitioner seeks the "extraordinary remedy" of a writ of error *coram nobis* based on his claim that he did not receive the proper review under Article 66.  An accused member is entitled to only one Article 66 review, and Petitioner in the Air Force Court of Criminal Appeals in *Henry I* clearly granted him this.  Even if the circumstances of this case required another review pursuant to Article 66 after his rehearing, Petitioner was granted this yet again when the Air Force Court of Criminal Appeals in *Henry II* reviewed the entire factual record and again affirmed Charges II and III.  For these Petitioner's Application for a Write of Error *Coram Nobis* will be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court shall **GRANT** Respondent's Motion to Dismiss and shall order that Petitioner's Application for a Writ of in the Nature of Error *Coram Nobis* be dismissed.  An appropriate Order accompanies this Memorandum Opinion.

                                                                   /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge

Date: August 3, 2022